UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YONAS T. ATLABACHEW,<br><br>Plaintiff(s),<br>v.<br><br>MOBILITAS GENERAL INSURANCE COMPANY,<br><br>Defendant(s). | CASE NO. C26-2317-KKE<br><br>ORDER DENYING MOTION TO REMAND |

Defendant Mobilitas General Insurance Company ("Mobilitas") removed this action arising from an insurance dispute on July 2, 2026. Dkt. No. 1. Plaintiff Yonas T. Atlabachew now moves to remand this action to King County Superior Court, arguing that removal to federal court was improper when there is no diversity of citizenship among the parties. Dkt. No. 12. Because the Court finds that diversity of citizenship exists for the parties here, it DENIES Atlabachew's motion to remand.

## I. BACKGROUND

Atlabachew was involved in a motor vehicle accident on May 27, 2025, while he was working as a Lyft driver. Dkt. No. 1-1 ¶¶ 4.1–4.3. As he slowed down his vehicle to pull into an apartment complex in Des Moines, Washington, an unknown third-party (referred to as "UM") struck the rear of Atlabachew's vehicle at a high rate of speed, causing severe damage. *Id.* ¶¶ 4.3–4.4. UM fled the scene and remains unidentified. *Id.* ¶ 4.5. Plaintiff sustained multiple bodily

injuries, "including neck and chest pain" as a result of the collision. *Id.* ¶ 4.6. Atlabachew was insured through an automobile policy issued by Mobilitas to Atlabachew's employer, Lyft, Inc., which "provided commercial auto coverage to Plaintiff as a driver, and which was in full force and effect on May 27th, 2025." Dkt. No. 1-1 ¶ 2.2

Atlabachew sued Mobilitas in King County Superior Court on May 20, 2026. Dkt. No 1-1. Atlabachew claims he is entitled to receive any damages and benefits "under the uninsured/underinsured motorist coverages for this accident." *Id.* ¶¶ 4.7–4.8. Mobilitas removed the action to this Court on July 2, 2026, and Atlabachew moved to remand on July 27, 2026. Dkt. Nos 1, 12.

## II. ANALYSIS

### A. Legal Standard

Federal courts are vested with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States[.]" 28 U.S.C. § 1332(a)(1). A defendant may remove an action filed in state court to the federal court in that district if the case could have been filed originally in federal court. 28 U.S.C. § 1441(a). Actions cannot be removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "The removal statute is strictly construed against removal jurisdiction[.]" *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The defendant bears the burden of establishing the existence of federal jurisdiction. *Id.*

### B. There is Complete Diversity of Citizenship Because Mobilitas is Not a Citizen of Washington.

Atlabachew contends that Mobilitas improperly invoked the Court's diversity jurisdiction without complete diversity of citizenship because Atlabachew (Plaintiff) and Mobilitas

(Defendant) are both citizens of Washington. Dkt. No. 12 at 5–7.[1] It is undisputed that Atlabachew is a citizen of Washington. *See* Dkt. No. 1 at 2; Dkt. No. 1-1 ¶ 1; Dkt. No. 13 at 2. The parties dispute the citizenship of Mobilitas: Atlabachew contends it is a citizen of Washington (Dkt No. 12 at 3), while Mobilitas argues it is a citizen of Arizona, where it is incorporated and has its principal place of business (Dkt. No. 13 at 2). Although Atlabachew does not dispute that Mobilitas is incorporated in and does primary business in Arizona, he argues that Mobilitas "is considered a resident of Washington State for the purposes of civil procedure because its insured; the Plaintiff in this matter, resides in Washington State." Dkt. No. 12 at 3 (citing 8 U.S.C. § 1332(C)(1)(A)).

Atlabachew's argument misunderstands the statute he invokes. Normally, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In certain insurance cases, however, an insurer may also be considered a citizen of "every State and foreign state of which the insured is a citizen[.]" *Id.* Specifically, the insurer shall be deemed a citizen of the insured's state of citizenship "in *any direct action against the insurer* of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant[.]" *Id.* (emphasis added). The term "direct action" in § 1332(c)(1) applies to "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him[.]" *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) (quoting *Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 902 (9th Cir. 1982)).

---

[1] Atlabachew does not dispute that the amount-in-controversy-requirement is met. Dkt. No. 12 at 2 ("There is no contention that the amount in contest exceeds $75,000. Therefore, the sole issue remains whether subject matter jurisdiction exists between an insurance company incorporated in a foreign state and their insured.").

Moreover, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* (quoting *Beckham*, 691 F.2d at 901–02).

Atlabachew's lawsuit against Mobilitas is a not a "direct action" within the meaning of the statute; thus, this exception to the general rule for citizenship of an insurance company does not apply. The Ninth Circuit has made clear that "an insured's action against its own insurer does not fall within" the meaning of "direct action." *Munson v. Allstate Indem. Co.*, No. C12-1935-JCC, 2013 WL 12090084, at *2–3 (W.D. Wash. Jan. 7, 2013) (citing *Searles*, 998 F.2d at 729–30). Instead, "[a] direct action is one brought by an injured third-party against *another's* insurer." *E2 Fashion, Inc. v. Catlin Special Ins. Co.*, No. CV 18-10676-R, 2019 WL 582067, at *1 (C.D. Cal. Feb. 12, 2019) (emphasis added) (citing *Beckham*, 691 F.2d at 901–02). Here, Atlabachew is suing his *own* insurer and asserting a claim for relief that existed between the parties pursuant to his UM/UIM policy. He is not bringing claims against the alleged tortfeasor's insurer through a "direct action." Nor could the liability sought to be imposed against Mobilitas, Plaintiff's own insurer, be imposed against Plaintiff himself. *See Searles*, 998 F.3d at 729 ("[U]nless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." (citation omitted)). Plaintiff's lawsuit is thus not a direct action as that term is used in 28 U.S.C. § 1332(c)(1), and the exception to the general rule for citizenship of an insurance company does not apply. *See, e.g.*, *Munson*, 2013 WL 12090084, at *2–3 (finding that plaintiff's lawsuit against "her own insurer, for damages relating to its denial of coverage under her UIM policy" "is not a direct action"); *Brown v. Prop. & Cas. Ins. Co. of Hartford*, No. 1:20-CV-00186-SAB, 2020 WL 1934468, at *3 (E.D. Cal. Apr. 22, 2020) (holding that "first party action where a plaintiff policyholder is seeking more money from their property insurer" was not a "direct action" "in which a third-party claimant

is seeking money from the tortfeasor's liability insurer for the third party's damages"); *E2 Fashion*, 2019 WL 582067, at *1 (similar).

Instead, "Defendant's citizenship for diversity purposes must be determined by its place of incorporation and principal place of business." *Diaz v. Allstate Northbrook Indem. Co.*, 625 F. Supp. 3d 1052, 1057 (S.D. Cal. 2022) (citing 28 U.S.C. § 1332(c)(1)). It is undisputed that Mobilitas is incorporated in and has its principal place of business in Arizona. Dkt. No. 12 at 3; Dkt. No. 13 at 2. Thus, Mobilitas is considered a citizen of Arizona for diversity purposes. And Atlabachew is a citizen of Washington. Dkt. No. 12 at 2. Accordingly, there is complete diversity between the parties, and diversity jurisdiction exists. The Court therefore has subject matter jurisdiction, and remand is improper.

## III. CONCLUSION

For the reasons explained above, the Court DENIES Plaintiff's motion to remand. Dkt. No. 12.

Dated this 29th day of October, 2026.

Kymberly K. Evanson
United States District Judge